UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DELBERT DANIEL GEORGE,<br><br>    Defendant. | Case No. 2:14-cr-093-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION**

The Court has before it defendant's motion for release from custody. Defendant is currently incarcerated in the Bonner County Jail awaiting his Revocation Hearing on December 2, 2019. Defendant seeks supervised release from the jail to be evaluated and placed into treatment at the Nez Perce Tribe's Nimiipuu Health Clinic for Mental Health and Drug Treatment. The Nez Perce Tribe does not have the resources to evaluate the defendant in Bonner County and has advised that he will need to come to the Nimiipuu Health Clinic in either Lapwai or Kamiah Idaho to receive his evaluation and be placed in treatment. The Government objects to the motion.

The burden of establishing that a person will not flee or pose a danger to any person or the community lies with the defendant. Federal Rule of Criminal Procedure 32.1(a)(6). The standard of proof is by clear and convincing evidence. 18 U.S.C. § 3143(a), Fed. R. Crim. P. 32.1(a)(6).

Here, the defendant began his supervised release on March 28, 2019, but just a day later was arrested for battery by the Nez Perce Tribal Police. Based on that arrest a Petition for Violation of Supervised Release was filed. An Amended Petition was filed on June 11, 2019, alleging that defendant possessed methamphetamine. It is unlikely that defendant could be evaluated and treated at the Nimiipuu Health Clinic prior to the hearing date of December 2, 2019. For all these reasons, the Court finds that the defendant has not carried his burden of proof and that his motion must be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for release from custody (docket no. 51) is DENIED.

DATED: October 31, 2019

B. Lynn Winmill
U.S. District Court Judge